IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

Frederick Banks, #05711-068
        Petitioner,

        v.

Michael Phillips, Warden,
Northeast Ohio Correctional
Center,
        Respondent.

4:20 CV 1458

Case No:

FILED
JUL 02 2020

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

JUDGE GAUGHAN

MAG. JUDGE RUIZ

PETITION FOR A WRIT OF HABEAS CORPUS
UNDER 28 USC § 2241

Petitioner Frederick Banks, an American Indian ("Banks") files his Petition for a writ of Habeas Corpus under 28 USC § 2241 and represents as follows;

1. Petitioner is being unlawfully detained and restrained of his liberty by Respondent warden at NEOCC, 2240 Hubbard Road, Youngstown, Ohio 44505 in this district in violation of the Laws and Constitution of the United States, the State Constitution and Laws.

2. Petitioner in this Habeas Corpus challenges the execution of his sentence and moves to be discharged from custody and the requested relief granted by this Court. The cause and pretext of Petitioners restraint is; Banks was Indicted and Arrested on August 7, 2015. A superseding Indictment was returned and included 7 counts and 12 charges of among other things Wire Fraud (four counts), Aggravated Identity Theft, making false statements, & Aiding and abetting (five counts). See United States v. Frederick Banks, 2:15CR168 (WDPA) Doc 96. During the proceedings the Judge declared Banks incompetent to proceed and committed him to FMC Butner for Restoration. FMC Butner discharged Banks in April 2017 and reported that though Banks had personality disorders he had no mental disease or defects and was never incompetent

1

to begin with "and remains competent today" See Transcript of Testimony of Dr. Allissa Marquez of April 2017 at 15CR168 (Turppa). Subsequently, Banks became the only pro se litigant in U.S. History to ever win a petition for Rehearing in any U.S. Court of Appeals. See IN RE FREDERICK H. BANKS, NO 18-1014 (3d Cir 9/24/2018), and Banks pro se Motion to Sever Counts into Seperate trials was granted by the District Court in the 15CR168 Criminal Case Doc. 1000. Subsequently, Counts 1 and 7 of the Superseding Indictment were dismissed and all five aiding & abetting charges were not tried. The original Indictment was also dismissed. Banks was convicted at a Jury Trial on Counts of wire Fraud and the Aggravated Identity Theft and was Sentenced to a total Sentence of 104 months. Banks filed a pro se Motion to Strike the Judgment under Fed.R. Crim. proc. 35(a) and the District Court filed an Amended Judgment. The court also imposed Supervised Release terms of 3 years on the wire Fraud and 1 year on the Aggravated Identity Theft running concurrently. To date Banks has not received a copy of either Judgment but is going off conversations he had with the clerks office. Since the Judgments which constitute process were never served in personam on Banks in violation of Federal Rule of Criminal procedure 17(d) and the Due process Clause. As a result Respondent doesnt have authority or Jurisdiction to detain Banks.

3. A 2255 is inadequate and ineffective to challenge the execution of Banks Sentence and a 2241 is the proper vehicle to raise these challenges.

<u>Additional Grounds For Relief</u>

4. GROUND ONE: PETITIONER SHOULD RECEIVE A PRIOR CREDIT OF 32 MONTHS HE SERVED ON VIOLATIONS FOR THE SAME 2013 CHARGED CONDUCT BECAUSE THE CHARGES WERE "ATTEMPTS" AND UNDER 18 USC 3584 ATTEMPTS MUST RUN CONCURRENT. ALL IN VIOLATION OF DUE PROCESS.

5. Supporting facts (a)  In 2013 and 2014 petitioner was violated for the same Wire Fraud and Aggravated Identity Theft charged in the current criminal case. See USA v. Banks, 04 CR 176 (WDPA), USA v. Banks, 03CR245 (WDPA) and Compare with USA v. Banks, 15CR168 (WDPA). The Superseding Indictment charged the Wire Fraud as "Attempts" See 15CR168 ECF 96 and the PSI and government concluded that the crimes were "Attempts" See November 2019 Trial Transcripts. Under 18 USC 3584 Attempts must Run Concurrently and therefore the 2019 convictions in 15CR168 must Run concurrent with the 03CR245 and 04CR176 violations because they all Stem from the same 2013 charged conduct. As a result petitioner must receive 32 months he Served on the 2013 violations and be discharged from custody because with this prior credit he has already Served the 104 month Sentence with good conduct time. 18 USC 3584 & Due Process was violated. All available remedies have been exhausted. See Exhibit A.

6. GROUND TWO: PETITIONER SHOULD RECEIVE 24 months CREDIT FOR RRC PLACEMENT AND RDAP BECAUSE HE IS LOSING THE BENIFIT OF RDAP participation by being Indefinately Held AT A PRETRIAL FACILITY AND NOT TRANSFERRED to the Bop

7. Supporting facts (a): petitioner would like to be transfered to the Bop So that he can participate in the RDAP program and receive up to 24 months credit towards his Sentence & halfway house placement but the Bop is not receiving Inmates due to the Covid-19 crisis. In Short Banks is Stuck in Transit at a pretrial facility and Lost the benefit of RDAP programming. Banks has a Substance/ alcohol abuse history as noted in the PSI and was previously admitted to take RDAP. (Banks completed the Unit based portion of RDAP at FCI forrest City, AR (Law) but didn't receive a reduction in Sentence because he did not complete TDAT in the Community

3

while at the RRC, because he was sent back to prison areas for allegedly being out of bounds while volunteering at the pittsburgh Salvation Army. The charge was later expunged while Banks was in custody but because Banks did not receive the RDAP reduction in sentence he is eligible to take the RDAP program again. Banks only has 27 months left to serve and would only serve 9 or 10 more months if he could be transfered to the RRC but he wont/cant be transferee. As such the Court should order that Banks be transfered to an RRC, home confinement or discharged from custody. All in violation of 18USC 3624, & the Code of Federal Regulations, Title 28. All available remedies have been exhausted See Exhibit A.

7. GROUND THREE: WARDEN PHILLIPS GRANTED BANKS REQUEST THAT OTHER STAFFERS DENIED TO PRINT OUT FROM THE LAW LIBRARY COMPUTER A NOTICE OF APPEAL, MOTION AND BRIEF OF APPELLANT TO COMPLY WITH F.R.A.P. 4 BUT TO DATE THEY WERE NEVER PRINTED IN VIOLATION OF DUE PROCESS

8. After being denied his request to print out A Notice of Appeal, motion and Brief of Appellant to comply with F.R.A.P. 4 by A.W. Mackey, Case manager Sabo and Unit Manager Moore warden Michael Phillips granted Banks request and according to him told the staffers "in A wing" but to date the items were never printed. If Banks prevails on Appeal or by Motion he would either be discharged or receive a lower sentence. The court should issue an order to Respondent and his agents to print the documents. All in violation of due process. All available remedies have been exhausted See Exhibit A. "Violations of Federal Law or the Constitution are not grievable."

9. GROUND FOUR: Respondent Held pretrial Detainees IN THE SHU, UNIT A9 AND SANCTIONED THEM IN VIOLATION OF BELL V. WOLFISH AND DUE PROCESS

4

10. Supporting facts (c) Respondents are punishing numerous inmates that are pretrial detainees by holding them in the SHU, issuing incident reports, and sanctioning them in violation of Bell v. Wolfish, in which the U.S. Supreme Court stated that "pretrial inmates may not be punished", and Due Process. Banks was damaged because Jamming all the pretrial inmates into the SHU restricted him from access to the Law Library, telephone, his attorney and the Court which would lead to a speedier release. Having all kinds of detainees which maxed out Unit A9 caused the above services to be denied and limited and was totally illegal. All available remedies have been exhausted. See Exhibit A. Violations of federal court decisions are not grievable. The Court should order all pretrial detainees, either discharged from custody or the SHU and Banks should be discharged from total custody to the street.

RELIEF

WHEREFORE, the petition should be granted. Petitioner should be discharged from custody, receive his prior credit, RDAP & RRC credit, have his documents printed and all SHU pretrial inmates should be removed and discharged from custody and/or the SHU along with all other requested or warranted relief.

Executed on 6/27/20 under the penalty for perjury.

Respectfully Submitted,

Frederick Banks
05711068, NEOCC
2240 Hubbard Road
Youngstown, OH
44505

PETITIONER

Frederik Banks
05711068, NEOCC
2240 Hubbard Road
Youngstown, OH 44505

CLEVELAND OH 44___

29 JUN 2020 PM___

PURPLE HEART FOREVER USA
PURPLE HEART FOREVER USA

Core Civic/NEOCC has neither inspected nor censored and will not be responsible for the contents.

Legal Mail

CLerk, US District Court
U.S. Courthouse
801 West Superior Avenue
CLeveLand, OH 44113

44113-183025